507 So.2d 9 (1987)
Larry G. LEDFORD, d/b/a Larry G. Ledford & Associates, Plaintiff-Appellee,
v.
George R. PIPES, d/b/a GRP Systems, Defendant-Appellant.
No. 18690-CA.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1987.
McKeithen, Thurman & McKeithen by Bruce B. McKeithen, Monroe, for defendant-appellant.
Robert E. Shadoin, Ruston, for plaintiff-appellee.
Before JASPER E. JONES, MARVIN and FRED W. JONES, JJ.
JASPER E. JONES, Judge.
The defendant, George R. Pipes, d/b/a GRP Systems, appeals a default judgment *10 against him and in favor of plaintiff, Larry G. Ledford, d/b/a Larry G. Ledford and Associates, in the amount of $40,237.88. Defendant contends the judgment was obtained by ill practices and seeks to annul it. We affirm.

The Facts
In the first part of October, 1982, plaintiff purchased welding machines and related equipment from defendant. Defendant leased this equipment back from plaintiff. The parties agreed to apply the income derived from defendant's use of the equipment to the loan procured by plaintiff to purchase it, with any excess income to be divided between them. These facts are gleaned from plaintiff's suit filed on August 23, 1985 by plaintiff's attorney, Andrew Shealy, which further alleged defendant failed to apply the income derived from the use of the equipment as per the agreement. The suit demanded judgment for the sums owed because of defendant's breach of contract. Personal service was had upon the defendant on September 9, 1985, and on July 28, 1986 a preliminary default was entered against defendant. The default was confirmed on August 11, 1986. The minutes reflect that about the time the judgment was rendered Robert E. Shadoin was substituted for Shealy as counsel for plaintiff. Defendant appealed.
In brief defendant contends his attorney, T.J. Atkins, contacted Shealy immediately after defendant was served with the suit and that plaintiff's attorney agreed to postpone action on the suit and allow the parties an opportunity to settle the matter. Defendant's brief states Shealy agreed not to require defendant to file an answer without giving him or Adkins notice an answer would be required or a default entered. It is further set forth in appellant's brief that subsequent to the motion for appeal defendant filed a Petition for Nullity of Judgment in the trial court setting forth the agreement between Shealy and Adkins. The Petition for Nullity is apparently pending.
Appellant contends the default judgment against him should be annulled because it was obtained by ill practices in breach of the agreement between the attorneys. Defendant argues a default judgment taken despite an agreement not to do so is annullable. He avers plaintiff's new attorney, Mr. Shadoin, was not apprised of the agreement between Shealy and Adkins and, therefore, gave no notice to defendant before taking the default. Defendant contends he was deprived of the opportunity to assert a defense and the default judgment should be annulled.
Plaintiff contends under LSA-C.C.P. art. 2006 an action to annul a judgment must be brought in the trial court. Plaintiff argues in light of Article 2006 and the fact defendant has filed his action to annul in the trial court, the appeal should be dismissed.

Applicable Law
LSA-C.C.P. art. 2001 provides the nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.
LSA-C.C.P. art. 2002 provides in pertinent part:
"A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit."
LSA-C.C.P. art. 2004 provides:
"A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of a discovery by the plaintiff in the nullity action of the fraud or ill practices."
Article 2002 lists what are generally termed "absolute nullities" while Article 2004 sets forth the so-called "relative nullities." An absolute nullity may be asserted by any person with interest in a collateral *11 proceeding at any time and before any court, without resort to an action of nullity. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980); Mouton v. Vallot, 415 So.2d 652 (La.App. 3d Cir.1982).
A judgment obtained by fraud or ill practices is a relative nullity which must be asserted in a direct action and may not be raised collaterally.[1]LeGlue Buick, Inc. v. Smith, supra; Barron v. Oden, 345 So.2d 998 (La.App. 2d Cir.1977), writ den., 349 So.2d 335 (La.1977); Sizeler v. Sizeler, 375 So.2d 122 (La.App. 4th Cir.1979), writ den., 376 So.2d 960 (La.1979).
In the instant case, defendant's contention in this court that the default judgment against him was obtained by ill practices is an improper assertion of a relative nullity in a collateral proceeding. He must raise this assertion in a direct action in the trial court.[2] LSA-C.C.P. art. 2006;[3]Pittman v. George, 424 So.2d 1200 (La.App. 1st Cir.1982).
The reason for this rule is that a relative nullity is a factual issue which must be proved by evidence placed in the record. O'Neill v. Sumrall, supra. The record before us contains no evidence concerning the agreement between the attorneys which is the basis of defendant's nullity argument. The defendant must pursue his nullity argument in the trial court in an ordinary proceeding.
On appeal, defendant's attack on the default judgment is limited to his contention that the judgment was obtained by ill practices. He does not question the evidence upon which the judgment was granted, nor has he provided us with a transcript of the testimony adduced at the entry or confirmation hearings or supplied a narrative of facts as provided by LSA-C.C.P. art. 2131.
A judgment of a trial court is entitled to a presumption of correctness where the record contains no transcript of evidence or LSA-C.C.P. art. 2131 narrative of the facts. The judgment recites it was rendered upon plaintiff producing due proof and the court considering the law and evidence to be in favor of the plaintiff. In such instances, the judgment is presumed to have been rendered upon the presentation of legal and competent evidence. Bowie v. Bowie, 228 So.2d 83 (La.App. 2d Cir.1969); United Distributors, Inc. v. Redfern, 449 So.2d 580 (La.App. 1st Cir. 1984).
The judgment recites that the proper delays had elapsed since entry of the preliminary default and the law and evidence were in favor thereof. The minutes of the confirmation of the default show that evidence was adduced and filed. The minutes and the terms of the judgment buttress the presumption that the judgment was rendered upon the presentation of legal and sufficient evidence.
For the foregoing reasons, the judgment appealed is affirmed at defendant's cost.
AFFIRMED.
NOTES
[1] What is meant by a "direct action" is that the party praying for the nullity of the judgment must bring his action by means of petition and the adverse party must be cited to appear. LSA-C.C.P. arts. 1201, 2001-2006; O'Neill v. Sumrall, 481 So.2d 157 (La.App. 4th Cir.1985).
[2] Defendant apparently instituted this direct action in the trial court subsequent to his motion for appeal. He filed a copy of the petition for nullity with his brief on appeal.
[3] LSA-C.C.P. art. 2006 provides:

"An action to annul a judgment must be brought in the trial court even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellant court."