903 So.2d 644 (2005)
STATE of Louisiana, Plaintiff-Appellant
v.
Michael DANIEL, Defendant-Appellee.
No. 39,633-CA.
Court of Appeal of Louisiana, Second Circuit.
May 25, 2005.
*645 J. Schuyler Marvin, District Attorney, John M. Lawrence, Edward C. Jacobs, Assistant District Attorneys, for Appellant.
Harrietta J. Bridges, Baton Rouge, for Appellant/Intervenor, State of Louisiana, Department of Public Safety and Corrections.
Whitley R. Graves, Benton, for Appellee.
Before BROWN, WILLIAMS and CARAWAY, JJ.
WILLIAMS, J.
The State of Louisiana, Department of Public Safety and Corrections ("DPS"), appeals from a judgment dismissing its petition to annul a judgment of the 26th Judicial District Court ordering that the criminal record of Michael D. Daniel be destroyed. We reverse and render.

FACTS
In the fall of 1999, the Bossier Parish District Attorney filed a bill of information charging Michael Daniel with carnal knowledge of a juvenile, a violation of LSA-R.S. 14:80.[1] The bill alleged that *646 Daniel, age 18, had sexual intercourse with a 15-year-old female on August 13, 1999. The matter was assigned trial court number 99,313; Daniel pled not guilty to the charge.
On September 5, 2000, Daniel appeared with counsel and pled guilty. This record does not contain the Boykin[2] colloquy, but the minutes of court reflect:
Defendant is present with [counsel], withdrew his former plea of not guilty and entered a plea of guilty. The Court explained the rights to a jury trial, to confront accusers, to compulsory process, to court appointed or private counsel, to appeal and the privilege against self-incrimination. Defendant indicated he understood and waived these rights. The DA summarized the facts and the Court questioned defendant and his attorney and determined that the plea was free and voluntary and with full understanding of rights. The Court then accepted the plea of guilty. Defendant waived any legal delays for sentencing and is duly and legally sentenced by the Court to serve two years at hard labor in the La. Department of Corrections, suspended. Defendant is placed on active probation for two years with the special conditions: (1) pay $30 per month for supervision fees, (2) pay a fine of $1,000 and cost over period of probation. Defendant does not have to register and report as a sex offender. (Emphasis added.)
Daniel successfully completed his probation and on September 11, 2002, DPS sent Daniel a letter of verification of first offender pardon effective September 5, 2002.
Subsequently, Daniel learned that DPS had included him in the State Sex Offender and Child Predator Registry ("Registry"), LSA-R.S. 15:542.1. On May 27, 2004, Daniel filed a "motion to expunge records" in the 26th Judicial District Court; this pleading was filed in the record of his criminal proceeding, No. 99,313. Citing LSA-R.S. 44:9 and his first offender pardon, Daniel asked the court to order all agencies and law enforcement offices to destroy any record of his "arrest, photograph, fingerprint or any other information of any and all kinds or descriptions...." The motion was tried contradictorily with the Bossier Parish District Attorney and the Bossier Parish Sheriff's Department on July 19, 2004. At the hearing, the court granted Daniel's motion. On July 26, 2004, the court signed a judgment ordering all agencies and law enforcement offices, except the Office of the Bossier Parish District Attorney, to destroy the above-described records. The clerk of court mailed the notice of the judgment to, inter alia, DPS.
On August 4, 2004, DPS sent a fax to the district court asking the court to contact DPS about the judgment. The record does not reflect any contact between the court and DPS. On September 20, 2004, DPS, through the Office of State Police, Louisiana Bureau of Criminal Identification and Information, filed a petition to annul the judgment of expungement. This petition was likewise filed in Daniel's criminal case, No. 99,313. In its petition, DPS argued that the judgment was improper under LSA-R.S. 44:9(E)(2) because Daniel had been convicted of a sex offense involving a child under the age of 17. DPS urged that the judgment was both "contrary to law" and was obtained by fraud or ill practice.
No written exceptions appear in this record but at the September 20, 2004 hearing, *647 Daniel challenged the standing of DPS to attack the expungement judgment. He argued that the expungement statutes only require notification of the district attorney's office and the arresting agency in a felony case. Daniel also argued that DPS's filing came too late because the judgment had already been entered. Finally, he argued that his criminal sentence expressly stated that he did not have to register as a sex offender. The trial court concluded that DPS had no standing to challenge the expungement. The court noted that the district attorney had been notified and that "there wasn't any problem with it." On September 22, 2004, the court signed a judgment denying the relief requested by DPS and further ordering DPS to file with the court an affidavit of compliance with the expungement order within 15 days of the hearing date. DPS suspensively appealed.

DISCUSSION
The expungement of certain criminal records is provided for in LSA-R.S. 44:9. The statute, which has been amended numerous times since its enactment in 1970, currently provides, in part:
B. (1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3 or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:
(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal or sustaining a motion to quash; and
(b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
(2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith. However, nothing in this Paragraph shall limit or impede the authority under law to consider prior arrests or convictions in pursuing prosecution under multiple offender provisions or impede the investigation of any law enforcement official seeking to ascertain or confirm the qualifications of any person for any privilege or license authorized by law.
C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record if the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.
(2) If, after a contradictory hearing with the arresting agency, the court finds that the mover is entitled to the relief sought for any of the above reasons, it shall order all law enforcement agencies to expunge same in accordance herewith. However, the arresting agency may preserve the name and address of the person arrested and the facts of the case for investigative purposes only.
....
E. (1)(a) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.

*648 (b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
(2) No court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:541(14.1),[3] involving a child under the age of seventeen years. The provisions of this Paragraph shall apply to all records of any proceedings, order, judgment or other action under Code of Criminal Procedure Article 893.
....
G. "Expungement" means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies [and] criminal justice agencies....
As explained by LSA-R.S. 44:9(G), expungement is different from destruction and is clearly a more limited remedy. Indeed, the arrest and prosecution records of a person convicted of a felony may not be destroyed. LSA-R.S. 44:9(E)(1)(a); State v. Expunged Record No. 249,044, XXXX-XXXX (La.7/2/04), 881 So.2d 104; State v. Savoie, 92-1586 (La.5/23/94), 637 So.2d 408. Also, the arrest and prosecution records of a person convicted of a sex offense involving a minor may not be destroyed or expunged. LSA-R.S. 44:9(E)(2). Daniel was clearly not entitled to have his records destroyed.
Moreover, even the more limited remedy of expungement is only available in the particular circumstances provided for in this statute. None of the provisions of LSA-R.S. 44:9 apply to Daniel's case. Because he pled guilty to the charged offense, LSA-R.S. 44:9(B) and (C) cannot apply; those provisions only apply to arrest records and then only when the prosecution does not result in a conviction. Likewise, LSA-R.S. 44:9(E)(1)(b) does not apply because Daniel's conviction was not set aside pursuant to LSA-C.Cr.P. art. 893. Furthermore, the provisions of LSA-R.S. 44:9 do not recognize Daniel's automatic first offender pardon as a basis for expungement.
In summary, Daniel was not entitled to the destruction of any of his records because he unconditionally pled guilty to a felony offense and was immediately sentenced for that offense. LSA-R.S. 44:9(E). Further, Daniel was not entitled to the expungement of his records because the legislature only allows expungement in certain limited cases, none of which fit his situation.
Having concluded that the district court should not have ordered the destruction of Daniel's criminal records, we now turn to the question of whether DPS has standing to bring this challenge to the judgment.
LSA-C.C.P. art. 681 provides:
Except as otherwise provided by law, an action can be brought only by a person *649 having a real and actual interest which he asserts.
We hold that DPS, the principal agency charged with the maintenance of public records relating to criminal offenses, has a "real and actual interest" in maintaining the integrity of those records. As noted by DPS in brief, LSA-R.S. 15:575the legislation establishing the Louisiana Bureau of Criminal Identification and Information as a part of DPSprovides, in part:
The legislature hereby finds and declares that:
(1) The improvement of public safety and sound law enforcement and administration of criminal justice requires the complete and timely collection, processing and dissemination of available information on crime, offenders, and the operations of the criminal justice system through a centralized system.
LSA-R.S. 15:578 provides, in part:
A. The bureau shall perform the following functions:
(1) To establish and maintain a central repository of criminal history record information and to adopt regulations and procedures to prescribe the terms and conditions under which the Department of Insurance, section on fraud, and the Department of Revenue, office of alcohol and tobacco control, shall have direct access to this information and adopt regulations and procedures to prescribe the terms and conditions under which other eligible individuals or agencies may gain access to such information.
....
(7) To establish and maintain a central registry of sex offenders and to adopt regulations and procedures to prescribe the terms and conditions under which information shall be released in accordance with the provisions of R.S. 15:540 through 549.
LSA-R.S. 15:586 provides:
Except for the provisions of R.S. 44:9, no records of the bureau may be permanently destroyed until five years after the person identified is known or reasonably believed to be dead. Upon the official issuance of appropriate rules and regulations, the bureau may retire or remove from active dissemination to eligible agencies records of any individual beyond the age of sixty, who has had no reported criminal arrest for a period of fifteen years from the last reported official release from the criminal justice system.
Further, a custodian of public records has a duty to preserve the public records and to ensure that no one alters or destroys the records. LSA-R.S. 44:32(A); Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984). Although DPS is not among the parties required to be notified in an expungement proceeding under LSA-R.S. 44:9(E)(1)(b), the above discussion shows that neither this provision nor any other provision of LSA-R.S. 44:9 entitled Daniel to a judgment ordering the various agencies to destroy his criminal records. DPS has standing to raise the legality of this order that directly impinges upon its duty to maintain its own records.
Rather than remand this case to the trial court for additional proceedings, we elect to consider the merits of the arguments raised by DPS. LSA-C.C.P. art. 2164 permits this court to render any judgment which is just, legal and proper upon the record on appeal. The question presented is essentially a legal question. Specifically, we consider whether the district court's order directing all agencies to destroy their records is a nullity.
LSA-C.C.P. art. 2001 provides:

*650 The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.
LSA-C.C.P. art. 2002 provides:
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
LSA-C.C.P. art. 2003 provides:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
LSA-C.C.P. art. 2004 provides:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
Article 2002 lists what are generally termed "absolute nullities," while Article 2004 sets forth the so-called "relative nullities." Ledford v. Pipes, 507 So.2d 9 (La.App. 2d Cir.1987). An absolute nullity may be asserted by any person with interest in a collateral proceeding at any time and before any court, without resort to an action of nullity. Id. A judgment obtained by fraud or ill practices is a relative nullity which must be asserted in a direct action and may not be raised collaterally. Id. A "direct action" means that the party praying for the nullity of the judgment must bring his action by means of petition and the adverse party must be cited to appear. Id. at footnote 1.
As noted, DPS urged in its petition for nullity that the trial court's judgment ordering the destruction of Daniel's records was contrary to law and was obtained by fraud or ill practice. In brief, DPS only alleges that the judgment was a relative nullity, but we conclude that the judgment complained of was an absolute nullity.
The right of the public to access public records is enshrined in the Louisiana Constitution. LSA-Const. art. XII, § 3 provides:
No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
In Title 44 of the Louisiana Revised Statutes, the legislature has delineated the exclusive exceptions to the right of the public to examine public documents. LSA-R.S. 44:4.1 provides, in part:
A. The legislature recognizes that it is essential to the operation of a democratic government that the people be made aware of all exceptions, exemptions and limitations to the laws pertaining to public records. In order to foster the people's awareness, the legislature declares that all exceptions, exemptions and limitations to the laws pertaining to public records shall be provided for in this Chapter or the Constitution of Louisiana. *651 Any exception, exemption and limitation to the laws pertaining to public records not provided for in this Chapter or in the Constitution of Louisiana shall have no effect. (Emphasis added.)
As noted, the legislature has also specifically stated, in LSA-R.S. 44:9(E)(1)(a), that no court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony. There is no exception to this rule; even cases where the conviction is dismissed under LSA-C.Cr.P. art. 893 are not exempt.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute or the value of the right asserted. LSA-C.C.P. art. 2. The legislature has explicitly stated that Title 44 is the exclusive source of exceptions, exemptions and limitations to the laws pertaining to public records. Without statutory authority, the courts are without power to expunge or to destroy public records. State v. Nettles, 375 So.2d 1339 (La.1979). The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3. This court may notice the lack of subject matter jurisdiction on its own motion. LSA-C.C.P. art. 925(C). Accordingly, we hold that a district court is without subject matter jurisdiction to render a judgment ordering the destruction of public records outside of the scheme established in Title 44.

CONCLUSION
For the foregoing reasons, the judgment of the district court dismissing the petition of nullity filed by the State of Louisiana, Department of Public Safety and Corrections is hereby reversed. Further, we hereby reverse the judgment of the district court ordering the destruction of the records relating to Michael D. Daniel's arrest and conviction for carnal knowledge of a juvenile. Costs of this proceeding are assessed to Michael D. Daniel.
REVERSED AND RENDERED.
CARAWAY, J., concurs in the result.
NOTES
[1] The offense occurred prior to the 2001 enactment of LSA-R.S. 14:80.1, misdemeanor carnal knowledge of a juvenile, which does not require the offender to register as a sex offender.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[3] At the time of the offense, this definition was included in LSA-R.S. 15:542(E).