935 So.2d 319 (2006)
STATE of Louisiana, Plaintiff-Appellant,
v.
Jared JACKSON, Defendant-Appellee.
No. 41,179-CA.
Court of Appeal of Louisiana, Second Circuit.
June 28, 2006.
Department of Public Safety and Corrections, Office of State Police by Harrietta J. Bridges, for Appellant.
Gordon O. Bartage, Shreveport, for Appellee.
Before STEWART, MOORE and LOLLEY, JJ.
*320 MOORE, J.
The issue in this appeal is whether the State of Louisiana, Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information (the "Bureau") has standing to bring a civil nullity action challenging a criminal court judgment both vacating a guilty plea to contributing to the delinquency of a juvenile and accepting a guilty plea to misdemeanor carnal knowledge of a juvenile. For the reasons set forth below, we hold that the Bureau lacks standing and affirm the trial court's decision.

*321 FACTS
In March 2001, Jared Jackson pled guilty to contributing to the delinquency of a juvenile, a violation of La. R.S. 14:92(7). At the time of the guilty plea, the court indicated that Jackson did not have to comply with the provisions of La. R.S. 15:542.1, under which any person convicted of a sex offense as defined by law has the duty to register under Louisiana's statutory scheme for registration of sex offenders, sexually violent predators, and child predators. Under the provisions of La. R.S. 15:541(14.1), contributing to the delinquency of a juvenile is a "sex offense" triggering the registration requirements. Due to the conflict between the trial court's statement indicating that Jackson did not have to comply with registration, and the statutory language indicating that Jackson did have to comply, a disagreement developed between Jackson and the Bureau.
In April 2004, Jackson was allowed to withdraw his guilty plea to the charge of contributing to the delinquency of a juvenile, and to enter a plea of guilty to misdemeanor carnal knowledge of a juvenile. The latter offense does not require registration. Approximately one-and-a-half years later, the Bureau filed a petition in civil court to annul the criminal court judgment. The Bureau asserted that the criminal court judgment was an absolute nullity because the court lacked jurisdiction to accept Jackson's guilty plea to misdemeanor carnal knowledge of a juvenile when that offense was not in existence at the time of the offense committed by Jackson. Jackson responded with peremptory exceptions of no right of action and no cause of action; the trial court subsequently sustained both exceptions, concluding that the Bureau lacked standing in the civil case to contest the validity of Jackson's guilty plea to misdemeanor carnal knowledge of a juvenile.

DISCUSSION
An action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The lack of such an interest may be challenged through the peremptory exception of no right of action, or no interest in the plaintiff to institute the suit. La. C.C.P. art. 927(A)(5). The function of an exception of no right of action is to determine whether the plaintiff belongs to the particular class of persons to whom the law grants a remedy for the particular grievance, or whether the plaintiff has a legal interest in the subject matter of the litigation. Caldwell Parish Police Jury v. Town of Columbia, 40,865 (La.App. 2 Cir. 3/15/06).
Subject to the supervision of the attorney general, the district attorney has "entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." Thus in State v. Gilmore, 332 So.2d 789 (La.1976), the Louisiana Supreme Court held that the district attorney was inherently empowered to amend an indictment charging first-degree murder to a charge of second-degree murder, even though there was no specific codal authorization for the procedure. Likewise, in State v. Matteson, 36,628 (La. App. 2 Cir. 12/11/02), 833 So.2d 1199, we held that a bondsman had no right to compel the district attorney to file a specific charge because the power to charge is solely within the discretion of the district attorney.
In the instant case, to allow the Bureau to challenge the criminal court judgment would be to usurp the district attorney's power to control every criminal prosecution instituted or pending in his district. The district attorney's power to *322 determine whom, when, and how he shall prosecute includes the power to oppose or not oppose the withdrawal of one guilty plea and the implementation of another.
The Bureau points out that under the provisions of La. R.S. 15:578, the Bureau is to establish and maintain a central repository of criminal history record information and a central registry of sex offenders, and the Bureau argues that, as a result, it has the duty to preserve the public records as created and to insure that no one alters or destroys the records. Thus, the Bureau argues that even though it was not one of the prosecuting parties, it can question not only the legality of the criminal court's order, but also the legality of the procedural steps taken to achieve an outcome in criminal proceedings that "adversely impinges on its obligation to ... maintain the State's sex offender registry."
In support of this argument, the Bureau cites State v. Daniel, 39,633 (La.App. 2 Cir. 5/25/05), 903 So.2d 644, in which we held that the Department of Public Safety had standing to annul a judgment ordering that a defendant's criminal record be destroyed. However, the significant distinguishing factor between Daniel and this case is that Daniel had nothing to do with the district attorney's power to control criminal prosecutions, but concerned the trial court's lack of power to order destruction of public records in a manner outside the scheme established in Title 44 of the Louisiana Revised Statutes.
This case does not concern either destruction of public records or expungement of criminal records. Thus, the judgment herein does not impinge upon the Bureau's duty to establish and maintain a central repository of criminal history record information and a central registry of sex offenders. As a consequence, the Bureau, as custodian of the these public records, has no more standing to bring a civil action demanding nullity of the criminal court judgment herein than a district court clerk, as custodian of the mortgage and conveyance records, has standing to bring a civil action demanding nullity of a civil judgment holding a mortgage or conveyance to be invalid. The duty of a custodian of public records to preserve the records and insure that no one alters or destroys them does not give the custodian a real and actual interest in judicial proceedings not addressing the custodian's record-keeping duties, but instead addressing legal issues that have the effect of creating, changing, or invalidating items that fall under the definition of public records.
Finally, we also observe that in McCoy v. City of Monroe, 32,521 (La.App. 2 Cir. 12/8/99), 747 So.2d 1234, in which the plaintiff attempted to argue in a civil action that his criminal conviction was an absolute nullity under La. C.C.P. arts.2001-2006, we held that the procedural articles dealing with the nullity of a civil judgment had no application to the plaintiff's attack on his criminal conviction and sentence. In the case at bar, the Bureau also is seeking to rely on nullity articles in the Louisiana Code of Civil Procedure to attack a criminal conviction and sentence.

CONCLUSION
For the reasons set forth above, we affirm the trial court's judgment sustaining the exception of no right of action. The Bureau lacks standing to attack Jackson's guilty plea and conviction because that judgment does not concern the Bureau's record-keeping duties, but concerns the district attorney's exclusive power to control criminal prosecutions instituted or pending in his district.
AFFIRMED.