977 So.2d 203 (2008)
STATE of Louisiana, Appellee
v.
Greg COLEMAN, Appellant.
No. 42,953-CA.
Court of Appeal of Louisiana, Second Circuit.
February 20, 2008.
Rehearing Denied March 13, 2008.
Ronald J. Miciotto, Shreveport, for Appellant.
Walter E. May, Jr., District Attorney, Kenneth P. Haines, Assistant District Attorney, *204 James Richard Sterrit, Cook, Yancy, King & Galloway, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
GASKINS, J.
The State of Louisiana, through the Jackson Parish District Attorney's office, appeals a trial court judgment refusing to annul an expungement and dismissal of Greg Coleman's conviction for four counts of carnal knowledge of a juvenile. For the following reasons, we affirm the trial court judgment.

FACTS
In June 1995, Greg Coleman entered a plea of nolo contendere to four counts of carnal knowledge of a juvenile, a violation of La. R.S. 14:80. The record indicates that the defendant, his attorney, and the trial court anticipated that the plea would be made pursuant to La. C. Cr. P. art. 893, in which the trial court could suspend and/or defer sentencing and dismiss the convictions after the successful completion of a period of probation. The trial court noted that it was not sure that the terms of La. C. Cr. P. art. 893 would apply to the defendant's case. Mr. Coleman agreed that if the statute was not applicable, it would not void his plea.
Mr. Coleman was sentenced to serve 24 months at hard labor on each count and the sentences were suspended. He was put on supervised probation for one year. After completion of the probationary period and, pursuant to an application by the defendant's attorney, the trial court signed an order setting aside the convictions, dismissing the prosecution pursuant to La. C. Cr. P. art. 893 and expunging the record. The order was signed on June 20, 1996. No contradictory hearing was held prior to the entry of the order.
On October 6, 2006, the state filed a motion to set aside the dismissal and expungement. The state urged that La. C. Cr. P. art. 893, as it existed at the time of the defendant's plea, did not allow the deferral of a sentence and dismissal of a conviction for sex offenses like those in the present case.[1] The state also claimed that it was never served with notice of the expungement and no contradictory hearing was held prior to the expungement, as required by law. The state argued that the lower court's action was improper and should be vacated and set aside.
In November 2006, Mr. Coleman filed a peremptory exception of no cause of action and an objection to the motion to set aside the dismissal of his conviction. He claimed that the state's pleading failed to state a cause of action against him. He noted that this matter was raised more than 10 years after the plea was entered and expunged.
In March 2007, the state filed a petition to declare the June 1996 order of dismissal an absolute nullity and to supplement the motion to set aside the dismissal. The state again claimed that sex offenses are not subject to dismissal and expungement, no notice was given to the state prior to the order of dismissal and expungement, and no contradictory hearing was held. The state urged that it is an interested party because it should have been given notice and a contradictory hearing was required before entry of the order of dismissal.
A hearing was held in which the parties stipulated that the order of dismissal and *205 expungement entered in 1996 was not the result of a contradictory hearing. The plea of nolo contendere was admitted by stipulation and the parties agreed to keep the record under seal. The state argued that La. C. Cr. P. art. 893, as it existed in 1995, and as it is presently written, does not provide for dismissal of a conviction for a sex offense. Because of that fact, and because there was no contradictory hearing before the trial court signed the order of dismissal and expungement, the state urged that the order is an absolute nullity and is without effect.
In July 2007, the trial court entered a judgment dismissing with prejudice the state's petition to declare null the dismissal and expungement of the prior convictions. The state appealed.

DISMISSAL OF CONVICTIONS
At the time of the offenses, La. R.S. 14:80 specified as follows:
A. Carnal knowledge of a juvenile is committed when:
(1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons; or
(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
B. Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.

C. Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893. [Emphasis supplied.]
Suspension of the sentence and probation in felony cases is governed by La. C. Cr. P. art. 893. At the time of Mr. Coleman's plea of nolo contendere in June 1995, that statute provided:
A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a second conviction if the second conviction is for a crime of violence as defined in R.S. 14:2(13)(a), (b), (c), (d), (e), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), (t), (v), (w), or (x), R.S. 14:73.5, R.S. 14:81.1, or R.S. 14:81.2, or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
. . . .
D. When the imposition of sentence has been suspended by the court for the first conviction only, as authorized by this Article, and the court finds at the *206 conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution, except for a conviction of a sex offense as defined by R.S. 15:542(E), involving a child under the age of seventeen years. The dismissal of the prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person. [Emphasis supplied.]
E. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony.
In 1995, the legislature repealed former Paragraph D, effective August 15, 1995.[2] In 1996, the legislature amended La. C. Cr. P. art. 893 to enact a new Paragraph D, introducing the concept of deferment of the imposition of sentence after conviction of a first offense noncapital felony and dismissal of the conviction after successful completion of probation. The amendment was retroactively effective to August 15, 1995, the effective date of the repeal of the former Paragraph D.[3] The new Paragraph D provided:
D. (1) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole. The court shall not defer a sentence under this provision for an offense which is defined as a crime of violence under R.S. 14:2(13) or a sex offense as defined by R.S. 15:542(E), involving a child under the age of seventeen years or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment of more than five years or for a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A).
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person. [Emphasis supplied.]
At the time of the entry of Mr. Coleman's plea, the facts of the offense were set forth. The plea colloquy shows that the offenses in this case were committed against a victim between the ages of 12 and 17. Therefore, the elements of the offenses comport with the provisions of La.C.Cr.P. art. 893 which prohibited deferral *207 or dismissal of convictions for sex offenses involving a child under the age of 17.[4]
It is clear that, at the time Mr. Coleman pled nolo contendere to the four counts of carnal knowledge of a juvenile at issue here, and at the time the trial court signed the order of dismissal and expungement, the law did not provide for the application of La. C. Cr. P. art. 893 to those offenses.
The following exchange took place during the plea colloquy:
I want to make sure your plea is voluntary. Mr. Coleman, the  my understanding is that under [the] plea agreement which you've reached that I would  if I accept your plea I'll sentence you to 24 months at hard labor. I'll suspend that and place you upon supervised probation for a period of one year. I'm going to place  and I'm also going to impose the provisions of the Code of Criminal Procedure, Article 893. But you need to understand there's some question as [to] whether or not I can do that, do you understand that? Has your attorney explained that to you?
BY THE DEFENDANT:
Yes sir, he has.
BY THE COURT:
And it's not going to [a]ffect the validity of this plea if later the benefit of 893 is not afforded you, do you understand that?
BY THE DEFENDANT:
Yes sir.
This exchange shows that the state was present at the time the trial court stated its intent to use La. C. Cr. P. art. 893 in sentencing Mr. Coleman. The state made no objection at that time and took no appeal. On June 20, 1996, the court entered the following order:
Upon motion by defendant, appearing through undersigned counsel, upon showing that the defendant entered a plea of no contest on June 19, 1995 to carnal knowledge of a juvenile under the provisions of Article 893 of the Louisiana Code of Criminal Procedure; upon further showing that the defendant has not been convicted of any other offense during the period of the suspended sentence and that no criminal charges are presently pending against him:
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the conviction herein be and same is hereby set aside and the prosecution dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of Court of Jackson Parish and the Sheriff of Jackson Parish, the Louisiana State Police and the Federal Bureau of Investigation be and they are hereby ordered and directed to expunge said conviction from their records. [Emphasis original.]
The record also shows that, on January 7, 1998, Mr. Coleman's lawyer contacted the Jackson Parish District Attorney regarding the dismissal and expungement order that had been entered in 1996. Mr. Coleman's lawyer sent a letter to the district attorney which specified, in pertinent part:
I herewith hand you a copy of the order in question in case you do not have it. After the one year probation ran out, I presented an ex parte order to Judge Whitten as I normally do in a *208 case like this and it was signed by him. When it went to Baton Rouge, after about a year I was contacted by an attorney for the Department of Public Safety & Corrections saying that in order for them to expunge the record in Baton Rouge, that both you and the sheriff had to sign off on it.
Back in 1995 you had no problem with the Article 893. I am just trying to do what Article 893, in my estimation, allows us to do.
If you do not feel inclined to sign off on it we will have to file and have a court hearing on same.
Your cooperation would be greatly appreciated.
On May 28, 1998, the district attorney responded with a letter which provided in pertinent part:
I apologize for not getting back to you sooner. Quite frankly, I did not want to respond, because I did not want to give you a negative response. I guess I felt that if I just didn't do anything I might be able to figure out some way to assist the defendant.
Unfortunately, I can not come up with any manner in which I can assist the defendant.
I had previously understood you to have indicated that at the time the defendant [pled] guilty there was some agreement that he would be sentenced under Article 894[sic], or something of that nature. [The assistant district attorney] has no recollection of any such agreement, I have no recollection of any such agreement, and there is nothing in the file in that regard.
If I understand what you are asking me in this case I don't know of any historical precedent for the District Attorney participating in an expungement of a record of this nature, nor am I aware of any bases for your filing a motion.
If I am not understanding what you want, please call me. I am not going to participate in any motion to amend the sentence "after the fact."
These facts show that the state was present in court at the time of the plea and was fully aware of the trial court's intent to apply La. C. Cr. P. art. 893 to this case. The state remained silent and made no objection at that time. Further, in 1998, when the Jackson Parish District Attorney was contacted by Mr. Coleman's lawyer regarding the dismissal and expungement, no action was taken. At all relevant times when the state could have objected to the use of La. C. Cr. P. art. 893 or timely appealed, the state acquiesced.
The trial court's use of La. C. Cr. P. art. 893 amounts to the imposition of an illegally lenient sentence. The methods for the state to seek review of an illegal sentence are set forth in La. C. Cr. P. art. 881.2 and 882. Under those provisions, the state may appeal or seek review of a sentence if the sentence imposed was not in conformity with the mandatory provisions of the statute under which the defendant was convicted or any other mandatory sentence provision, and if the state objected at the time the sentence was imposed or made or filed a motion to reconsider the sentence.
A sentence may be reviewed as to its legality on the application of the defendant or the state in an appealable case by appeal, or in an unappealable case, by writs of certiorari and prohibition.
La. C. Cr. P. art. 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, the reviewing court is not required to correct such a sentence. State v. Griffin, 41,946 (La.App. 2d Cir.5/2/07), 956 So.2d 199; State v. Jones, 42,531 (La. App. 2d Cir.11/7/07), 968 So.2d 1247. Under *209 the facts of this matter, in which the state remained silent at the time of the plea while the trial court expressed its intention to apply the provisions of La. C. Cr. P. art. 893, coupled with the failure by the state to actively oppose the dismissal and expungement when it became aware of those facts in 1998, we decline to now consider the state's claim, 10 years later, that the sentence is illegally lenient. We find that the trial court in the present civil suit was well within its discretionary parameters when it refused to amend this illegally lenient sentence.

EXPUNGEMENT
Expungement is governed by La. R.S. 44:9. At the time the trial court entered its order to dismiss the convictions and expunge the record of these convictions, that statute provided in pertinent part:
B. (1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:

(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and
(b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
(2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith. However, nothing in this Paragraph shall limit or impede the authority under law to consider prior arrests or convictions in pursuing prosecution under multiple offender provisions or impede the investigation of any law enforcement official seeking to ascertain or confirm the qualifications of any person for any privilege or license authorized by law.
. . . .
E. (1) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure, except after a contradictory hearing with the district attorney and the arresting law enforcement agency.

(2) No court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:542(E), involving a child under the age of seventeen years, except after a contradictory hearing with the district attorney and the arresting law enforcement agency. The provisions of this Paragraph shall apply to all records of any proceedings, order, judgment, or other action under Code of Criminal Procedure Article 893. [Emphasis supplied.][5]

*210 . . . .
In State v. Labauve, XXXX-XXXX (La.App. 1st Cir.9/20/06), 943 So.2d 1186, writ denied, 2006-2525 (La.12/15/06), 945 So.2d 694, the first circuit considered the argument that a defendant was not entitled to have a felony conviction of carnal knowledge of a juvenile expunged. The defendant, who was 21 years old at the time of the occurrence, was indicted on one count of carnal knowledge of a juvenile for having sexual intercourse with a 15-year-old female. The defendant pled guilty to the charge in March 2000. The defendant received a two-year suspended sentence and was placed on supervised probation for five years.
Four years later, in May 2004, the defendant appeared before the court, withdrew his plea of guilty to felony carnal knowledge of a juvenile and entered a plea of guilty to misdemeanor carnal knowledge of a juvenile. The court ordered a six-month suspended sentence and ordered that the record from the felony plea be stricken from the record.
The defendant filed a motion to expunge the record. The order was granted by the trial court. In February 2005, the defendant filed a rule to show cause why the Louisiana State Police should not act on the expungement. The court again ordered expungement of the record and the State Police appealed contesting the trial court's action in allowing withdrawal of the original guilty plea, entry of a new plea, and ordering expungement of the record.
The first circuit found that the original plea was withdrawn due to a perceived constitutional deficiency, not under the provisions of La. C. Cr. P. art. 893. The first circuit also noted that La. R.S. 44:9 does not allow expungement of the record of convictions for sex offenses involving a child under the age of 17. The court found that the trial court erred in ordering the destruction of all records pertaining to the defendant's arrest and conviction for felony carnal knowledge of a juvenile.[6]
In State v. Daniel, 39,633 (La.App. 2d Cir.5/25/05), 903 So.2d 644, this court found that where a defendant was not entitled to have his criminal record expunged, the trial court's order of expungement was an absolute nullity.[7] In September *211 2000, the defendant entered a plea of guilty to carnal knowledge of a juvenile. When the defendant was 18 years old, he had sexual intercourse with a 15-year-old female. The trial court ordered the defendant to serve two years at hard labor, suspended the sentence, and placed the defendant on active, supervised probation for two years. The court specified that the defendant did not have to register and report as a sex offender. In May 2004, when the defendant learned that he had been included in the State Sex Offender and Child Predator Registry, he moved to expunge the record. The motion was tried contradictorily with the district attorney's office and the sheriff's office. The trial court granted the motion. In September 2004, the Department of Public Safety (DPS) filed a petition to annul the judgment of expungement, arguing that, because the defendant was convicted of a sex offense involving a child under the age of 17, the judgment was contrary to law and obtained by fraud or ill practices. This court found that the DPS had standing to object to the expungement order and ruled that the expungement order was an absolute nullity.
We find the facts of the present case distinguishable from those of prior jurisprudence finding that expungement of the record of a conviction for carnal knowledge of a juvenile is an absolute nullity. In the present case, the state became aware of the expungement order in 1998, but did not object until 2006. Although we hesitate to blur the lines between civil and criminal proceedings, the state instituted this matter as a civil proceeding. La. C.C.P. art. 2003 provides that a defendant who acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds for an absolute nullity listed in La. C.C.P. art. 2002. Under these circumstances, where the state was notified of the expungement and did not attempt to enjoin its enforcement, it cannot be heard to object now, almost a decade later.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment denying the motion of the state seeking to annul the dismissal and expungement of the convictions of Greg Coleman for four counts of carnal knowledge of a juvenile.
AFFIRMED.
MOORE, J., concurs with written reasons.
MOORE, J, concurs.
I concur in the analysis and result of the majority, but write separately to express my serious concern that this deferred sentence, dismissal without contradictory hearing, and expungement of the record were all in violation of the applicable statutes. In ordinary circumstances, these illegal acts should have no effect whatsoever and the state should be able to nullify them. However, the prosecutor and defense counsel agreed to a sentence *212 which, although illegal, was accepted in toto by the trial judge. The finality of judgments and the normal reliance on negotiated resolutions militate in favor of upholding the instant sentence, dismissal and expungement. Also, the prosecutor's 11-year delay in seeking to rectify these acts is, in my view, simply unconscionable. The state's failure to act in 1998, when it was fully aware of the motion to dismiss, makes its current position disingenuous at best. On this record, the trial court did not abuse its discretion in denying the motion to set aside the dismissal and expungement.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, PEATROSS, DREW and MOORE, JJ.
Rehearing denied.
NOTES
[1] Even though La. C. Cr. P. art. 893 has been amended since the entry of the plea in this matter, it still provides that deferral and dismissal of a conviction for sex offenses, such as carnal knowledge of a juvenile, where the victim is under the age of 17, is not available.
[2] See Acts 1995, No. 1251; In re Elloie, XXXX-XXXX (La.1/19/06), 921 So.2d 882.
[3] See Acts 1996, 1st Ex.Sess., No. 5; In re Elloie, supra.
[4] La.C.Cr.P. art. 893 was later amended in pertinent part to provide that the court shall not defer a sentence for an offense or attempted offense defined or enumerated as a sex offense as defined by La. R.S. 15:541(14.1), involving a child under the age of 17. This provision still includes carnal knowledge of a juvenile.
[5] We note that, at the time Mr. Coleman entered his plea, La. R.S. 44:9(B) provided:

B. Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of any offense, whether misdemeanor or felony, shall at the time of discharge of a person from its control, enter an order annulling, canceling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this Section, and shall be treated in all respects as not having been arrested.
This provision did not require a contradictory hearing with the district attorney prior to expungement. Pursuant to Acts 1995, No. 1251, § 3, paragraph B of the statute was repealed. However, Acts 1996, 1st Ex.Sess., No. 5, reenacted paragraph B, set forth above, to require a contradictory hearing with the district attorney and the arresting law enforcement agency prior to the entry of an order for expungement of the record. The Act further provided that it had retroactive effect back to August 15, 1995, the effective date of the repeal of Paragraph B. The instability in the provisions regarding the method for expungement during this time period may account for the trial court's decision to enter an ex parte order in this case.
[6] La. R.S. 44:9 was amended by Acts 1999, No. 1111, § 1. The amendment rewrote subsection E to provide that no court shall order the expungement or destruction of any record of the arrest or prosecution of any person convicted of a sex offense as defined by La. R.S. 15:541(14.1), involving a child under the age of 17 years.
[7] See and compare State v. Jackson, 41,179 (La.App. 2d Cir.6/28/06), 935 So.2d 319, in which this court held that the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information (Bureau) did not have standing to bring a civil nullity action challenging a criminal court judgment vacating a plea of contributing to the delinquency of a juvenile and accepting a guilty plea to misdemeanor carnal knowledge of a juvenile. Jackson was distinguished from Daniel in that Jackson did not concern the destruction of public records or expungement of criminal records. We stated that the judgment in Jackson did not impinge upon the Bureau's duty to establish and maintain a central repository of criminal history record information and a central registry of sex offenders. Jackson concerned whether the Bureau had standing to oppose the trial court's action in allowing the withdrawal of a guilty plea and the entry of a new plea. In Jackson, we said that to allow the Bureau to challenge the criminal court judgment would usurp the district attorney's power to control criminal prosecutions instituted or pending in the district.