DANIEL L. DYSART, Judge.
| ,The Department of Public Safety and Corrections[1] appeals the district court ruling ordering the expungement and destruction of the felony record of Michael Joseph Taylor. For the reasons that follow, we affirm in part and reverse in part.
Michael Joseph Taylor was arrested in December of 1997 in Plaquemines Parish for distribution of pethidine, brand name Demerol, an opiate. He was charged by bill of information with a violation of La. R.S. 40:967 A(l). In 1998, Taylor was allowed to plead guilty pursuant to La. Code Crim. Proc. art. 893, and was sentenced to five years in prison. The sentence was suspended, and the defendant was placed on one year of active probation to be followed by three years of inactive probation. Two conditions of probation were that the defendant serve sixty days in parish prison, and complete his high school education.
In 2002, Taylor was granted a first offender pardon, and on August 5, 2011, the defendant filed a Motion to Set Aside the Conviction and to Dismiss the 12Prosecution. A copy of the motion was stamped and signed by the Plaquemines Parish district attorney’s office, “No Objection, Fee Paid.” Thereafter, on August 22, 2011, the trial court issued an order setting aside the guilty plea and dismissing the prosecution. The order indicated that the Louisiana Department of Public Safety and Corrections, Office of the State Police, Criminal Records Unit, be served with a copy of the order.
On August 5, 2011, Taylor also filed a Motion for Expungement, to which again the district attorney’s office indicated it had no objection. On August 22, 2011, the trial court granted the motion and ordered all law enforcement offices, including among others, the Department of Public Safety, through the Louisiana Bureau of Criminal Identification and Information (hereinafter “DPS”), to expunge and destroy the record of arrest, photograph, fingerprint, or any other information of any and all kinds of descriptions related to the December 15, 1998 arrest of the defendant.[2] The order further directed the clerk of court to send certified copies of the order to DPS. Last, the order directed each entity served to file a sworn affidavit that the order had been satisfied. DPS was served with the first order, and filed a letter dated September 23, 2011, indicating that it did not have a record of arrest for Michael Joseph Taylor dated 12/15/1998. After being served with the amended order, DPS sent a second letter dated November 23, 2011, again stating that it did not have a record of arrest dated 12/15/1997 for Michael Joseph Taylor.
|sOn September 13, 2013, Taylor filed a motion seeking to have the court enforce against DPS the order to expunge and destroy his criminal records, and to hold it in contempt for failure to comply. The trial court set the motion for contradictory hearing and had the notice of the hearing date served on DPS and the district attorney’s office. Both entities filed oppositions to the motion, but only DPS appeared at the hearing. After hearing argument, the trial court granted Taylor’s motion to ex *864 punge and destroy his criminal record, but denied the motion for contempt.
This appeal followed.
DISCUSSION:
In its assignments of error, DPS first argues that the trial court erred in finding that notice to the Plaquemines Parish District Attorney’s Office of the motion for expungement was sufficient notice to DPS of the hearing. The second assignment of error is that the trial court erred in finding that DPS acquiesced in the original judgment ordering the expungement and destruction of records. Because these assignments are inextricably intertwined, they are discussed together.
At the hearing, DPS argued that the underlying conviction and plea under La.Code Crim. Proc. art. 893 was an absolute nullity because the provisions of that article were not available to a party who had been convicted of a felony drug distribution charge. Thus, DPS argued that the trial court lacked subject matter jurisdiction to order the dismissal and subsequent expungement of the criminal Crecord. The trial court ruled that since the district attorney’s office had received proper notice of the hearing on the expungement and indicated it had no objection, the State, including DPS, had sufficient notice. The trial court again ordered DPS to expunge and destroy the records of the defendant’s arrest and conviction.
On appeal, DPS argues that it is an entity created by the legislature and found within the executive branch of the state government, while the district attorney’s office is created by the Louisiana Constitution and found within the judicial branch. The Constitution does not grant the district attorneys’ offices of this State the power to represent an entity within the executive branch.
In support of its argument, DPS cites State v. Daniel, 39,683 (La.App. 2 Cir. 5/25/05), 903 So.2d 644. In Daniel, the trial court granted a motion to expunge, following a contradictory hearing with the district attorney’s office and the arresting agency, and ordered DPS and other agencies to destroy any record of the conviction: DPS sought to annul the judgment, but the trial court held that DPS had no standing to challenge the defendant’s ex-pungement. DPS argues that the Second Circuit held in Daniel that it had standing to challenge both the expungement and destruction of the defendant’s records. We disagree with that interpretation. Our reading of Daniel is that the Second Circuit held that DPS had standing to contest the judgment ordering the destruction of the defendant’s records, as the Bureau has a “real and actual interest” in maintaining the integrity of criminal records. See La. R.S. 15:578. The court did not rule on whether DPS had standing to challenge the expungement; rather, it found that the defendant did [finot qualify for an expungement under the provisions of La. R.S. 44:9, because he did not plead pursuant to La. Code Crim. Proc. art. 893.
In support of his argument, Taylor cites State v. Coleman, 42,953 (La.App. 2 Cir. 2/20/08), 977 So.2d 203, arguing that DPS has no standing to challenge the expungement or the order to destroy his criminal record, as DPS is an entity of the State, and was sufficiently represented by the district attorney’s office at the hearing on the motion to expunge. The district attorney (the State) did not object to the ex-pungement; thus, DPS (another entity of the State) cannot challenge the judgment based on La.Code Civil Proc. art. 2003.[3]
*865 The result in Coleman turned on the fact that the district attorney’s office sought to have an expungement set aside ten years after the fact, because the defendant was allowed to plead improperly pursuant to Article 893. In Coleman, the Second Circuit distinguished Daniel stating that because the district attorney was present at the sentencing and did not object to the defendant pleading pursuant to Article 893, and knew of and did not object to the motion to expunge, it was barred from seeking to annul the judgment.
Louisiana Revised Statute 44:9B(2) provides that the trial court “shall order all law enforcement agencies to expunge the record” where the trial court finds the defendant is entitled to relief “after a contradictory hearing with the district attorney and the arresting law enforcement agency.” There is no mention in the | (¡statute that DPS must be noticed. Accordingly, we find that the legislature did not intend for DPS to be a necessary party to an expungement proceeding.
Louisiana Revised Statute 44:9G explains that “expungement” and “destruction of the record” are not the same. “An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies,” and other state agencies charged with verifying criminal records to issue licenses. Thus, since DPS is charged with maintaining criminal records, we find that it has standing to challenge the order insofar as it orders the destruction of the defendant’s pertinent criminal history. La. R.S. 15:578. Moreover, La. R.S. 44:9E, in effect at the time the order was signed, provided:
No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, in-eluding a conviction dismissed pursuant to Article 898 of the Code of Criminal Procedure.
Accordingly, we find that the trial court erred in ordering DPS to destroy the defendant’s criminal records.
For the foregoing reasons, we affirm the trial court’s judgment in part insofar as it found that DPS was not a necessary party to the expungement proceeding, and reverse in part as to the finding that DPS •did not have standing to challenge the order to destroy the defendant’s criminal records.
AFFIRMED IN PART, REVERSED IN PART.

. The Department of Public Safety and Corrections, Public Safety Services, Office of State Police, is a state agency found within the executive branch of government that is a corporate body with its own legal existence. The Bureau of Criminal Identification and Information is statutorily created within the Office of State Police.

. This order contained an incorrect date of the arrest of the defendant (12/15/98), which was subsequently corrected in an amended judgment dated 9/25/11.

. La.Code Civ. Proc. art.2003 provides: "A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt *865 to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”