943 So.2d 1186 (2006)
STATE of Louisiana
v.
John LABAUVE.
No. 2005 CA 1273.
Court of Appeal of Louisiana, First Circuit.
September 20, 2006.
*1187 Harrietta J. Bridges, Baton Rouge, Counsel for Plaintiff/Appellant State of Louisiana through the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information.
Tommy Thompson, Port Allen, Counsel for Defendant/Appellee John Labauve, Jr.
Richard J. Ward, District Attorney, Elizabeth A. Engolio, Assistant District Attorney, Plaquemine, Counsel for Appellee Office of District Attorney Eighteenth Judicial District Parish of West Baton Rouge.
Before: PARRO, KUHN, GUIDRY, PETTIGREW, and GAIDRY, JJ.
GUIDRY, J.
A state law enforcement agency appeals a trial court judgment granting defendant's motion to expunge the record of his felony arrest and conviction. Having carefully reviewed the record and the law governing this matter, we vacate the order to destroy all records of the defendant's felony arrest and conviction.

FACTS AND PROCEDURAL HISTORY
In 1999, the defendant, John L. Labauve, Jr., was arrested by the West Baton Rouge Parish Sheriff's Office, and later indicted on one count of carnal knowledge of a juvenile (La. R.S. 14:80), a felony offense, for having sexual intercourse with a minor female, age fifteen years old. The defendant was twenty-one years old at the time of the occurrence. The defendant initially plead not guilty to the charge, but later, at the time of trial, on March 10, 2000, he changed his plea to guilty and waived all delays for sentencing. In accordance with the recommendation of the District Attorney's Office for the Eighteenth Judicial District, the trial court sentenced the defendant to the custody of the Louisiana Department of Public Safety and Corrections for a period of two years, but suspended the sentence and placed the defendant on probation for five years, under the supervision of the Louisiana Department of Public Safety and Corrections. The trial court also included in the sentence an order that the defendant's name not be put on the "Sex Offender" registry.
Four years later on May 4, 2004, the defendant again appeared before the trial court and was allowed to withdraw his previous plea of guilty to the felony indictment of carnal knowledge of a juvenile, La. R.S. 14:80. He was then permitted to plead guilty to the misdemeanor charge of carnal knowledge of a juvenile, La. R.S. 14:80.1, and was sentenced to serve six months in the parish jail on the misdemeanor conviction; however, the trial court suspended the sentence and ordered that the previous felony plea, Boykin *1188 record, and sentence be stricken from the record.
On May 18, 2004, the defendant filed a motion to expunge the record of his arrest and conviction relative to the felony offense, which motion was subsequently granted by order of the trial court on June 1, 2004. In the June 1, 2004 decree, the trial court expressly ruled:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the custodian of records for the Louisiana State Police and all other agencies and law enforcement officers having records pertaining to the arrest of John LaBauve, Jr.'s arrest for John LaBauve, Jr. (sic) on October 29, 1999, and/or the conviction of John LaBauve, Jr. on March 10, 2000, for Felony Carnal Knowledge of a Juvenile and Statutory RapeNo Force, file an affidavit stating that the above mentioned records have been destroyed and that no notation or reference have (sic) been retained in the agency's central repository which will or might lead to the inference that any record ever was on file with any agency or law enforcement officer.
The defendant later filed a motion for the issuance of a rule to show cause on February 18, 2005, stating that "[t]o date there has been no response from the Louisiana State Police regarding their decision on the Expungement." In the motion, the defendant requested that the Louisiana State Police be ordered to show cause why his motion for expungement should not be granted. A trial on the motion was held on April 5, 2005, and the trial court again granted the motion to expunge in an order containing the same decretal language as found in the June 1, 2004 order.[1] It is from that order that the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information (State Police) now appeals.

ASSIGNMENTS OF ERROR
In this appeal, the State Police contend that the trial court erred (1) in allowing the defendant to withdraw his original plea of guilty to felony carnal knowledge of a juvenile years after execution and completion of his sentence; (2) in allowing the defendant to plead guilty to misdemeanor carnal knowledge of a juvenile, which crime did not exist in Louisiana law at the time defendant committed the crime; and (3) in ordering the felony criminal record history of defendant expunged. As the order appealed deals solely with the motion to expunge, we will limit our review to consideration of the State Police's third assignment of error and pretermit any discussion of the other assignments of error.

DISCUSSION
On initial review of the record, we question the validity of the order appealed since it appears facially invalid as an order adjudicating matters already fully adjudged in a previous order of June 1, 2004. In their briefs, the parties do not mention the existence of the two orders addressing the motion to expunge; however, on questioning in oral arguments before this court, counsel for the defendant argued that the June 1, 2004 order was an absolute nullity *1189 in that a contradictory hearing was not held prior to the trial court issuing a ruling on the motion. Counsel thus argued that by virtue of the nullity of the first order, the April 11, 2005 order is valid.
The procedures and requirements relative to granting a motion to expunge are found in La. R.S. 44:9, which statute provides in pertinent part:
E. (1)(a) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.
(b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
(2) No court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:541(14.1), involving a child under the age of seventeen years. The provisions of this Paragraph shall apply to all records of any proceedings, order, judgment, or other action under Code of Criminal Procedure Article 893. (Footnote omitted.)
Subsection E(1)(b) of the statute expressly provides that a contradictory hearing be held with the district attorney and arresting law enforcement agency before the trial court issues an order of expungement. The record does not indicate that such a hearing was held prior to the rendition of the June 1, 2004 order. Absent such a hearing, the June 1, 2004 order is an absolute nullity, and as such, has no legal existence that would bar or invalidate the April 11, 2005 order, properly rendered following a contradictory hearing on the motion to expunge.
Accordingly, as we have determined that the order before us was rendered after being duly noticed and conducted, we can now consider the merits of the appeal. The defendant's felony conviction for carnal knowledge of a juvenile was vacated and set aside when the trial court determined the facts surrounding the guilty plea rendered it constitutionally deficient. See State v. Smith, 406 So.2d 1314, 1315 (La.1981). Although vacation of the felony conviction is tantamount to a dismissal of the conviction, La. R.S. 44:9E(1)(b) expressly provides that expungement of a felony conviction only lies when a felony conviction is dismissed pursuant to La. C.Cr.P. art. 893. The dismissal in this case was made pursuant to the trial court vacating the conviction of the felony offense. Dismissal in this manner does not qualify the conviction for expungement under a strict application of La. R.S. 44:9.
Moreover, expungement is precluded by La. R.S. 44:9E(2), which provides that "[n]o court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:541(14.1), involving a child under the age of seventeen years." As the crime committed involved a fifteen-year-old female, and felony carnal knowledge of a juvenile, La. R.S. 14:80, is found under Subpart A(1) of Part V of Chapter 1 of Title 14, which La. R.S. 15:541(14.1) defines as a "sex offense," expungement *1190 of the vacated conviction was further prohibited by law. Accordingly, we find merit in the State Police's appeal challenging the trial court's order to destroy[2] all records pertaining to the defendant's arrest[3] and conviction for felony carnal knowledge of a juvenile.

CONCLUSION
Based on a careful review of the record and law governing this matter, we find that the trial court erred in ordering destruction of all records pertaining to the defendant's arrest and conviction for felony carnal knowledge of a juvenile. In so finding, we vacate the entirety of the April 11, 2005 judgment. All costs of these proceedings are cast to the defendant, John L. Labauve, Jr.
JUDGMENT VACATED.
KUHN, J., concurs.
GAIDRY, J., concurs and assigns reasons.
PETTIGREW, J., dissents and assigns reasons.
GAIDRY, J., concurring.
While I join in the reasoning expressed by the majority, I concur simply for the purpose of assigning these additional reasons. While the legal validity of the order permitting the withdrawal of the plea of guilty might not directly confront us in this appeal, its validity was a necessary predicate to the order of expungement, and therefore properly at issue here. Louisiana Code of Criminal Procedure article 559 authorizes the withdrawal of a plea of guilty before sentence; it does not vest such discretion in the trial court after sentencing and after the sentence has been completed. In my view, there is no statutory authority for the trial court's action in issuing the first order, and thus no subject matter jurisdiction vested in the trial court. The first order was a nullity. The order of expungement, being founded upon a nullity, is therefore legally deficient, and is properly vacated.
PETTIGREW, J., dissenting.
I respectfully dissent from the majority and, for the following reasons, believe that this appeal should be dismissed.
Initially, I note that pursuant to La. R.S. 44:9(E)(1), the trial court may order expungement of the record of a felony conviction after a contradictory hearing with the district attorney and the arresting law enforcement agency. In the instant case, the district attorney joined in the motion to expunge. The arresting agency was the West Baton Rouge Parish Sheriff's Office. I see no legal requirement that the State of Louisiana, Department of Public Safety and Corrections ("DPSC") be notified of or even be present at the hearing. Thus, it is my humble opinion that DPSC has no standing to appeal the trial court's decision below.
Furthermore, La. R.S. 44:9(E)(2) provides that "No court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense. . . ." According to the record in this case, the defendant's felony conviction for carnal knowledge of a juvenile was based on a plea agreement that was constitutionally infirm. The defendant *1191 had every legal and constitutional right to withdraw from the plea agreement, which he did, and, therefore, there is no conviction on the public record and should be no record to expunge.
NOTES
[1] A typographical error appears in the second order rendered by the trial court on the motion to expunge in that at the beginning of the order it states that the matter from which the order derives came to be heard on April 5, 2005, but then states that the order was signed by the trial court on April 11, 2004. Nevertheless, the petition for appeal notes that recitation of "2004" as the year the order was signed was erroneous, and that the correct date is April 11, 2005. The notice of appeal also recites the date of April 11, 2005, as the date the order was signed.
[2] We further observe that La. R.S. 44:9G provides that "`[e]xpungement' means removal of a record from public access but does not mean destruction of the record." (Emphasis added.)
[3] Moreover, La. R.S. 44:9E(1)(a) expressly prohibits a court from ordering the destruction of any record of the arrest and prosecution of a person convicted of a felony.