STATE OF LOUISIANA,
v.
MARION GERCHOW.
No. 2007 CA 2553.
Court of Appeal of Louisiana, First Circuit.
August 8, 2008.
WALTER P. REED, District Attorney, Covington, LA, Attorney for Appellant-in-Rule, State of Louisiana.
HARRIETTA J. BRIDGES, Baton Rouge, LA, Attorney for Appellant-in-Rule State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police.
STEPHEN A. QUIDD, Baton Rouge, LA, Attorney for Appellant-in-Rule State of Louisiana, through the Department of Public Safety and Corrections, Office of Motor Vehicles.
G. BRICE JONES, Slidell, LA, Attorney for Appellee-in-Rule Marion Gerchow.
Before: PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
The State of Louisiana appeals a judgment ordering the destruction of a particular record of Marion Gerchow's arrest, conviction, and any other information in that criminal record. We reverse the judgment and remand for further proceedings.

BACKGROUND
Pursuant to Article 893 of the Code of Criminal Procedure, Marion Gerchow pled guilty in March 1991 to violating LSA-R.S. 14:81.2 by molesting a 13-year-old girl during a period of time between June 1, 1988, and April 30, 1990. The court suspended the imposition of sentence and placed him on probation for a period of four years under the supervision of the Department of Public Safety and Corrections (DPSC), with special conditions. On July 25, 1995, Gerchow's probation and parole agent filed a petition in which he stated that Gerchow's probation had expired on March 25, 1995, without incident, and asked that Gerchow's probation be terminated satisfactorily as of that date and that the prosecution be dismissed. An order to that effect was signed by the court on July 28, 1995.
In May 2007, Gerchow filed a motion and order to expunge the record of his conviction, citing LSA-R.S. 44:9(A)(2). The motion sought a court order directing such expungement and destruction of his criminal record by the custodians of records of a number of governmental agencies. The State opposed the motion on the basis that LSA-R.S. 44:9(E)(2) prohibits expungement of the conviction of a sex offense. Although not a named party, the Office of Motor Vehicles, DPSC, also responded and opposed the motion.
At a hearing on July 12, 2007, the court's comments indicated that the decision turned on whether or not Gerchow was considered to be "under the custody of" DPSC, as stated in LSA-R.S. 15:541(14.1), or whether he was merely under its supervision. Concluding that there was a difference and that Gerchow was not in the custody of DPSC, the court orally granted the motion to expunge his criminal record in this matter. An order was signed that day, and the State appealed. Upon receipt of the record, this court issued a rule to show cause why the appeal should not be dismissed, because the partial judgment had not been designated as final after an express determination that there was no just reason for delay, as required by LSA-C.C.P. art. 1915(B). The record was later supplemented with the trial court's designation of its order signed July 12, 2007, as a final judgment.

DISCUSSION
In reviewing the court's July 12, 2007 order, we note that it did not order expungement of Gerchow's criminal record, but only ordered the destruction of any information held by a number of specified agencies concerning his arrest and conviction. The order was submitted to the court with Gerchow's motion to expunge records and stated:
Considering the foregoing,
IT IS HEREBY ORDERED that Walter Reed, District Attorney, 22nd Judicial District Court, show cause on the ____ day of ____, 2007, at ____ o'clock ____. m., why the expungement as prayed for should not be granted;
IT IS FURTHER ORDERED that the U.S. Department of Justice, Federal Bureau of Investigation; Louisiana Department of Public Safety and Correction, [sic] Office of Motor Vehicles; St. Tammany Parish Sheriff's Department; Louisiana State Police; Slidell Police Department; District Attorney's Office; Louisiana Department of Public Safety and Corrections Probation; and Clerk of Court, 22nd Judicial District Court, to destroy the record of arrest of MARION MICHAEL GERCHOW and/or any other information of any kind or description and specifically any record maintained by their respective offices/agencies; and further ordering that the affidavit as provided for in R.S. 44:9(a)(2) be executed within ten (10) days after the signing of this order by the respective agencies and further that the affidavit is returnable to and ordered filed with the Clerk of Court, with the right of the agency to retain a copy.
Covington, Louisiana, this 12 day of July , 2007.
 William J Burris 
JUDGE
The italicized date and name were handwritten on the order.
Apparently there is some confusion about what the above order accomplished. The trial court designated this order as a final judgment, despite the fact that it did not order the expungement of Gerchow's relevant criminal records. The assignment of error on appeal states:
The State of Louisiana, Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information alleges as error the trial court's entry of an order to destroy the arrest and prosecution records of Marion Michael Gerchow, who was convicted of a felony sex offense involving a minor.
Thus, it would appear that the State contests only the destruction of the records, which is the only matter actually addressed in the trial court's order. However, the State argues further in its brief to this court that the expungement was also legally erroneous.
We agree with the State that the court erred in ordering the destruction of Gerchow's criminal records. Although he pled guilty pursuant to LSA-C.Cr.P. art. 893, which allows the court to set aside the conviction and dismiss the prosecution under certain limited circumstances, Article 893(F) states, "Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony." In addition, although expungement of the record of a felony conviction is authorized under LSA-R.S. 44:9 under certain conditions, LSA-R.S. 44:9(E)(1)(a) provides, "No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure." Therefore, it is clear that even if expungement of a felony conviction is authorized, actual physical destruction of the records of a felony offense is never authorized. See State v. Savoie, 92-1586 (La. 5/23/94), 637 So.2d 408, 410. Therefore, the judgment ordering such destruction in this case must be reversed.
Because the trial court's order did not order expungement of Gerchow's criminal record, we cannot address the State's arguments concerning whether expungement is legally appropriate in this case. However, because this matter has not been resolved, we remand this case to the trial court for further proceedings.

CONCLUSION
Based on the foregoing, we reverse the court's order of July 12, 2007, and remand this matter for further proceedings.
REVERSED AND REMANDED.