PARRO, J.
 

 12Marion Michael Gerehow appeals a judgment denying his motion to expunge the record of his conviction resulting from a violation of LSA-R.S. 14:81.2. For the following reasons, we affirm the judgment.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 This is the second time this court has considered Gerchow’s request for expungement of his felony conviction and destruction of all records pertaining to it. Pursuant to LSA-C.Cr.P. art. 893, Gerehow pled guilty in March 1991 to violating LSA-R.S. 14:81.2 by molesting a 13-year-old girl during a period of time between June 1, 1988, and April 30, 1990.
 
 [1]
 
 The trial court suspended the imposition of sentence and placed him on probation for a period of four years under the supervision of the Department of Public Safety and Corrections (DPSC), with special conditions. Gerchow’s probation expired on March 25, 1995, without incident. Therefore, on motion of DPSC, the trial court ordered his probation terminated as of that date and the prosecution dismissed.
 

 In May 2007, Gerehow filed a motion and order to expunge the record of his conviction, citing certain provisions of LSA-R.S. 44:9. The motion sought a hearing concerning expungement and an immediate court order directing destruction of his criminal record by the custodians of the records of a number of governmental agencies. On July 12, 2007, the trial court orally granted the motion to expunge his criminal conviction in this matter, but the judgment signed that day ordered only the destruction of his criminal records. The State appealed, and in
 
 State v. Gerchow,
 
 07-2553 (La.App. 1st Cir.8/8/08), 987 So.2d 897 (unpublished opinion), this court concluded that there was no authority in LSA-R.S. 44:9 for the destruction of records pertaining to Gerchow’s felony conviction, reversed the trial court’s judgment ordering such destruction, and |Rremanded for a hearing on expungement. Following that hearing on October 14, 2008, the trial court denied Gerchow’s request for ex-pungement of his criminal record, since he had been convicted of a sex offense involving a child under the age of seventeen, citing LSA-R.S. 44:9(E)(2). A judgment to that effect was signed January 29, 2009, and this appeal by Gerehow followed.
 

 In his assignments of error, Gerehow contends the offense he committed is not a “sex offense” within the definition in LSA-R.S. 15:541, and therefore, the expungement is not barred by LSA-R.S. 44:9(E)(2). He also argues that at the time of his guilty plea in March 1991, LSA-R.S. 44:9(E)(2) did not bar expungement of his offense, and that the retroactive effect of the 1996 amendment of LSA-R.S. 44:9 makes it operative only to August 15,1995.
 

 DISCUSSION
 

 Only certain specified criminal arrest and conviction records may be expunged under the authority of Louisiana Revised Statute 44:9.
 
 [2]
 
 Criminal records
 
 *306
 
 that do not meet the particular circumstances described in the statute are not eligible for expungement. See
 
 State v. Daniel,
 
 39,633 (La.App. 2nd Cir.5/25/05), 903 So.2d 644, 648. Therefore, we must determine whether Gerchow’s conviction of a felony offense, which was later dismissed under the authority of LSA-C.Cr.P. art. 893, meets any of the criteria for expungement in LSA-R.S. 44:9.
 

 When first enacted in 1970, LSA-R.S. 44:9 only allowed expungement of records of arrests for violations of municipal ordinances or state misdemeanors when those proceedings had been disposed of by
 
 nolle prosequi,
 
 acquittal, or dismissal. See 1970 La. Acts, No. 446, § 1. Records of felony arrests and prosecutions were first mentioned by the addition of subsection E in 1978, which stated that no court could order the destruction of any record of the 14arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. 1978 La. Acts, No. 570, § 1. Although the 1978 amendment addressed and prohibited destruction of felony conviction records, the statute did not discuss expungement of such records until it was again amended by 1981 La. Acts, No. 936, § 1, with a rewrite of subsection C. That subsection allowed the record of an arrest for the violation of a state statute classified as a felony to be expunged under certain conditions in which no conviction resulted, but said nothing about allowing expungement if such an arrest resulted in a conviction. This distinction was continued in all subsequent versions of the statute. Therefore, when Gerchow committed the offense between 1988 and 1990 and when he pled guilty and was convicted of a felony in 1991, there was no authority in LSA-R.S. 44:9 for expungement of the record of any felony conviction.
 
 [3]
 
 Nor was there such authority on July 28, 1995, when his prosecution was dismissed under the provisions of LSA-C.Cr.P. art. 893. This was the earliest possible date upon which he could have been eligible for expungement of his record.
 

 Subsection E of LSA-R.S. 44:9 was amended and re-enacted, effective August 15,1995, to state the following:
 

 (1) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure, except after a contradictory hearing with the district attorney and the arresting law enforcement agency.
 

 (2) No court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:542(E),
 
 [4]
 
 involving a child under the age of seventeen years, except after a contradictory hearing with the district attorney and the arresting law ^enforcement agency. The provisions of this Paragraph shall apply to all records of any proceedings, order, judgment, or other action under Code of Criminal Procedure Article 893.
 

 1995 La. Acts, No. 295, § 1. The first paragraph still referred only to the destruction of felony criminal records involving convictions, while the second para
 
 *307
 
 graph discussed both expungement and destruction of such records, but only as they pertained to the conviction of a sex offense. A subsequent amendment to the second paragraph totally eliminated the possible expungement or destruction of such records involving a sex offense. See 1999 La. Acts, No. 1111, § l.
 
 [5]
 
 Therefore, by the time Gerchow sought expungement of his record in May 2007, LSA-R.S. 44:9(E)(2) stated:
 

 No court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:541(14.1),
 
 [6]
 
 involving a child under the age of seventeen years. The provisions of this Paragraph shall apply to all records of any proceedings, order, judgment, or other action under Code of Criminal Procedure Article 893. (Footnote added).
 

 Gerchow contends that his conviction does not meet the definition of “sex offense,” and therefore, the record of his arrest and prosecution was eligible for ex-pungement. In 2007, when Gerchow applied for expungement of his records, “sex offense” was defined in LSA-R.S. 15:541(14.1), in pertinent part, as follows:
 

 | ,“Sex offense” means deferred adjudication, adjudication withheld, or conviction for the perpetration or attempted perpetration of ... any provision of Subpart C of Part II or Subpart A(l) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, committed on or after June 18, 1992, or committed prior to June 18, 1992, if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after June 18,1992.
 

 The crime of molestation of a juvenile, LSA-R.S. 14:81.2, is found in Subpart A(l) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950. The crime was committed before June 18, 1992, and, as a result of his conviction, Gerchow was placed on probation for a period of four years, between 1991 and 1995. Under LSA-C.Cr.P. art. 924(2), “custody” is defined as “detention or confinement, or probation or parole supervision, after sentence following conviction for the commission of an offense.” Therefore, under these provisions, he was “under the custody of the Department of Public Safety and Corrections on or after June 18, 1992.”
 

 Based on this analysis, we conclude that there was no authority in LSA-R.S. 44:9 for expungement of Gerehow’s criminal records concerning his felony conviction of molestation of a juvenile. The trial court’s judgment was legally correct.
 

 
 *308
 
 CONCLUSION
 

 The judgment of January 29, 2009, is affirmed. All costs of this appeal are assessed to Marion Gerchow.
 

 AFFIRMED.
 

 [1]
 

 . A later amendment to LSA-R.S. 14:81.2 precluded the setting aside of a conviction or dismissal of a prosecution for this crime under LSA-C.Cr.P. art. 893.
 
 See
 
 1990 La. Acts, No. 590, § 1, effective September 7, 1990.
 

 [2]
 

 . "expungement” means removal of a record from public access, but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice
 
 *306
 
 agencies, and various specified state boards.
 
 See
 
 LSA-R.S. 44:9(G).
 

 [3]
 

 . As in the current version of the statute, subsections A, B, and C addressed only ex-pungement of felony arrest records that did not result in convictions. Therefore, Ger-chow's felony conviction did not fall within any of these provisions.
 

 [4]
 

 . The definition of "sex offense” is currently found in LSA-R.S. 15:541(24).
 

 [5]
 

 . There was no general right to seek expungement of records concerning a felony conviction that had been dismissed pursuant to LSA-C.Cr.P. art. 893 until subsection E of LSA-R.S. 44:9 was amended in 1999, at which time paragraph E(l) was re-designated as sub-paragraphs E(l)(a) and (b). Sub-paragraph E(l)(b) stated:
 

 After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order ex-pungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
 

 The wording of this provision has not since been amended.
 

 [6]
 

 .
 
 Pursuant to the statutory revision authority of the Louisiana State Law Institute, in 2008, "R.S. 15:541” was substituted for "R.S. 15:541(14.1)” in paragraph E(2).