WALTER J. ROTHSCHILD, Judge.
| James Moorman appeals a judgment denying his motion to expunge his felony record. For the following reasons, we affirm the judgment.
*189 FACTUAL AND PROCEDURAL BACKGROUND
On April 22, 1993, a Jefferson Parish Grand Jury returned an indictment charging appellant, James Moorman, with aggravated rape, a violation of LSA-R.S. 14:42, and aggravated oral sexual battery, a violation of LSA-R.S. 14:43.4. At the June 17, 1993 arraignment, Moorman pled not guilty. On November 10, 1993, the State amended count one of the indictment to charge Moorman with incest, a violation of LSA-R.S. 14:78, and dismissed count two. After the State amended the indictment, Moorman withdrew his plea of not guilty and, pursuant to LSA-C.Cr.P. art. 893, pled guilty as charged to a violation of LSA-R.S. 14:78. The trial court then sentenced Moorman to imprisonment at hard labor for three Isyears, suspended the sentence, and placed defendant on five years active probation subject to special conditions.
In December 1994, Moorman filed a motion to terminate active probation, which the trial court granted on January 5, 1995. Moorman also filed a motion to set aside conviction asserting that he pled guilty pursuant to LSA-C.Cr.P. art. 893, that his probation has since been terminated, and that he has fulfilled all of the conditions of his suspended sentence. On November 16, 1995, the trial court granted Moorman’s motion to set aside conviction, and on December 6, 1995, a judgment was entered setting aside Moorman’s conviction.
On September 15, 2010, Moorman filed a motion for expungement of his felony record relating to the instant offense. After considering the arguments of counsel, the trial court, on December 10, 2010, denied the motion finding that the right to an expungement is a procedural right, not a substantive right. He noted, “And the procedure has to be the procedure that is being followed today, so as the expungement statute states today, this cannot be expunged.” Moorman now appeals this judgment.
On appeal, Moorman contends that the trial court erred in denying his motion for expungement of felony record. He reasons that the law in effect in 1993, when he entered his guilty plea pursuant to LSA-C.Cr.P. art. 893, allowed the court to set aside the conviction and dismiss the prosecution, and the dismissal of the prosecution had the same effect of acquittal which would allow Moorman to have his record expunged pursuant to LSA-R.S.[1] In his appellate brief, Moorman further points out that he pled guilty based on his belief that if he successfully completed his probation and remained without a criminal history, he could ultimately have the instant charges dismissed and expunged. He claims that 14the trial court’s denial of his motion for expungement effectively invalidated the plea agreement that he entered into with the State.
On November 8, 2011, Moorman filed a motion for leave of court “to file a concise Reply Brief to assist the court with deliberations.” The State filed an objection to the reply brief, asserting that the brief was untimely filed and should not be considered by the Court. This Court, on November 9, 2011, referred this motion to the merits of the case. As a preliminary matter, we must rule on this motion. Although Rule 2-12.7 of the Uniform Rules-Courts of Appeal provides that the reply brief, if any, shall be filed not later than ten calendar days after the appellee’s brief is filed, this Court has the authority to accept further briefs by leave of court. See Rule 2-12.6 of the Uniform Rules-Courts of Appeal. Accordingly, we grant *190 Moorman’s motion for leave of court to file a reply brief.
We now turn to the merits of Moorman’s argument that the trial judge erred in denying his motion for expungement.
LAW AND ANALYSIS
LSA-R.S. 44:9 governs the ex-pungement of criminal records. State v. Green, 08-273 (La.App. 5 Cir. 9/30/08), 997 So.2d 42, 44. Only certain specified criminal arrest and conviction records may be expunged under the authority of LSA-R.S. 44:9. Criminal records that do not meet the particular circumstances described in the statute are not eligible for expungement. State v. Gerchow, 09-1055 (La.App. 1 Cir. 3/11/10), 36 So.3d 304. We must now determine whether Moorman’s conviction of a felony offense, which was later dismissed under the authority of LSA-C.Cr.P. art. 893, meets any of the criteria for expungement in LSA-R.S. 44:9.
We have reviewed the applicable provisions of LSA-R.S. 44:9 and conclude that Moorman was not eligible for expungement of his felony record at the time of his guilty plea or at the time he sought ex-pungement. In State v. Gerchow, 36 So.3d at 306-307, the First Circuit gave an excellent analysis of the history of LSA-R.S. 44:9 relating to the expungement of felony records. The First Circuit explained as follows:
When first enacted in 1970, LSA-R.S. 44:9 only allowed expungement of records of arrests for violations of municipal ordinances or state misdemeanors when those proceedings had been disposed of by nolle prosequi, acquittal, or dismissal. See 1970 La. Acts, No. 445, § 1. Records of felony arrests and prosecutions were first mentioned by the addition of subsection E in 1978, which stated that no court could order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. 1978 La. Acts, No. 570, § 1. Although the 1978 amendment addressed and prohibited destruction of felony conviction records, the statute did not discuss ex-pungement of such records until it was again amended by 1981 La. Acts, No. 936, § 1, with a re-write of subsection C. That subsection allowed the record of an arrest for the violation of a state statute classified as a felony to be expunged under certain conditions in which no conviction resulted, but said nothing about allowing expungement if such an arrest resulted in a conviction. This distinction was continued in all subsequent versions of the statute....
Subsection E of LSA-R.S. 44:9 was amended and re-enacted, effective August 15, 1995, to state the following:
(1) No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure, except after a contradictory hearing with the district attorney and the arresting law enforcement agency.
(2) No court shall order the ex-pungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:542(E), involving a child under the age of seventeen years, except after a contradictory hearing with the district attorney and the arresting law enforcement agency. The provisions of this Paragraph shall apply to all records of any proceedings, order, judgment, or other ac *191 tion under Code of Criminal Procedure Article 893.
1995 La. Acts, No. 295, § 1. The first paragraph still referred only to the destruction of felony criminal records involving convictions, while the second paragraph discussed both expungement and destruction of such records, but only as they pertained to the conviction of a sex offense. A subsequent amendment to the second | paragraph totally eliminated the possible expungement or destruction of such records involving a sex offense. See 1999 La. Acts, No. 1111, § 1.
In the instant case, by the time Moor-man sought expungement of his record in December of 2010, LSA-R.S. 44:9 E(2) read as follows:
No court shall order the expungement or destruction of any record of the arrest and prosecution of any person convicted of a sex offense as defined by R.S. 15:541, involving a child under the age of seventeen years. The provisions of this Paragraph shall apply to all records of any proceedings, order, judgment, or other action under Code of Criminal Procedure 893.
Thus, Moorman was not eligible for expungement of his felony record when he pled guilty in 1993 or when he sought an expungement in 2010. At the time Moor-man committed the offense and pled guilty, LSA-R.S. 44:9 C allowed for the expungement of a felony arrest record under certain conditions in which no conviction resulted. Here, Moorman was fully prosecuted, resulting in his plea of guilty to the reduced charge of incest.
In addition, Moorman was not eligible for expungement at the time he sought the expungement. Moorman was arrested for aggravated rape and aggravated oral sexual battery. He subsequently pled guilty to incest, a violation of LSA-R.S. 14:78. Incest is defined as a sex offense,[2] and as such, Moorman was not entitled to expungement of the record of his arrest and/or prosecution for this conviction, regardless of whether the conviction was set aside pursuant to LSA-C.Cr.P. art. 893.
In State v. Gerchow, 36 So.3d at 307, the Louisiana First Circuit Court of Appeal upheld the denial of a motion for expungement under almost identical circumstances. In that case, Gerchow pled guilty pursuant to LSA-C.Cr.P. art. 893 in March 1991 to molestation of a juvenile, in violation of LSA-R.S. 14:81.2. The trial court suspended the sentence and placed defendant on probation for four years. Gerchow’s probation expired on March 25, 1995, without incident. Thereafter, the trial court ordered his probation terminated and the prosecution dismissed. Gerchow filed a motion for expungement. The trial court denied his motion for expungement of his criminal record, since he had been convicted of a sex offense involving a child under the age of 17, citing LSA-R.S. 44:9 E(2). Gerchow thereafter filed a motion for appeal, alleging, in part, that at the time of his guilty plea in March 1991, LSA-R.S. 44:9 E(2) did not bar expungement of his offense. The First Circuit found otherwise, concluding that no provision of LSA-R.S. 44:9 existed entitling defendant to an expungement of his conviction at any time.
Likewise, we conclude that there was no authority in LSA-R.S. 44:9 for expungement of Moorman’s felony record of incest either at the time of his guilty plea or at the time he sought an expungement.
In his brief, Moorman suggests that he pled guilty based on his belief that his felony record and conviction would ulti *192 mately be expunged. First, there is no indication in the record before us that Moorman pled guilty based on his belief that the felony record would be expunged. Rather, it appears that Moorman got what he bargained for in the plea agreement. In accordance with the apparent terms of the plea agreement, defendant pled guilty to incest under the provisions of LSA-C.Cr.P. art. 893 and was thereafter sentenced to three years at hard labor, suspended, and was placed on five years active probation. In 1995, his conviction was set aside pursuant to LSA-C.Cr.P. art. 893. Moorman suggests in his brief that since his conviction was set aside pursuant to LSA-C.Cr.P. art. 893, he is generally entitled to an expungement. However, there was no general right to seek an 18expungement of records concerning a felony conviction that had been dismissed pursuant to LSA-C.Cr.P. art. 893 until subsection E of LSA-R.S. 44:9 was amended in 1999. State v. Gerchow, 36 So.3d at 307, n. 5. Clearly, as shown by the analysis herein, Moorman was not entitled to expungement of his felony record at the time he entered his guilty plea or at the time he sought expungement.[3]
For the reasons set forth herein, we affirm the December 10, 2010 ruling of the trial court which denied Moorman’s motion for expungement.

AFFIRMED

. LSA-R.S. 44:9 B relates to felony arrests, not convictions, as is the case here.

. See LSA-R.S. 15:541(24)(a).

. In addition, we note that Moorman's sentence was suspended, not deferred under LSA-C.Cr.P. art. 893, as is required for an expungement. See State v. Green, 997 So.2d at 44-45.