# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-988

CITY OF LAFAYETTE

VERSUS

SAM B. WOFFORD, III

**********

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE, NO. 2011-00814
HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**REVERSED; JUDGMENT VACATED.**

Harrietta J. Bridges
Post Office Box 66614, Drawer B-4
Baton Rouge, LA   70896-6614
(225) 922-0788
COUNSEL FOR APPELLANTS:
    State of Louisiana,
    Department of Public Safety and Corrections,
    Office of State Police

Gary J. Haynes
1013 W. University Avenue
Lafayette, LA   70506
(337) 235-8640
COUNSEL FOR PLAINTIFF/APPELLEE:
    City of Lafayette
Sam B. Wofford, III
105 Cabana Row
Lafayette, LA   70508
COUNSEL FOR DEFENDANT/APPELLEE:
    In Proper Person

**AMY, Judge.**

The defendant, Sam B. Wofford, III, was arrested for operating a vehicle while intoxicated. Thereafter, the defendant entered into a pretrial diversion program and sought to have the records related to his arrest expunged. After the trial court granted the defendant's request, the State of Louisiana, Department of Public Safety and Corrections (DPS) objected, arguing that it was statutorily obligated to maintain a public record of the defendant's arrest. The defendant filed a motion to enforce the expungement order and, after a hearing, the trial court ordered DPS to expunge the defendant's records, finding that only the prosecuting authority is authorized to maintain a public record of the defendant's name, date of arrest, and a description of the pretrial intervention or diversion program into which the defendant was placed. DPS appeals. For the following reasons, we reverse and vacate the judgment of the trial court.

### Factual and Procedural Background

On June 26, 2009, the defendant was arrested for the offense of operating a vehicle while intoxicated–1st offense (OWI), a violation of La.R.S. 14:98. At some point, the defendant entered into the district attorney's pretrial diversion program.[1] According to a letter from the Chief City Prosecutor dated August 9, 2010, charges were refused by the Lafayette City Prosecutor's Office on July 26, 2009.

On August 9, 2010, the defendant filed a motion in the City Court of Lafayette seeking to have the records related to his June 26, 2009, arrest expunged. The trial court granted the motion on August 25, 2010, ordering that, except for a list maintained by the prosecutor's office pursuant to La.R.S. 15:242, all agencies

---

[1] The record contains a letter from the Fifteenth Judicial District Attorney's Office, dated March 16, 2011 and file marked July 27, 2011, indicating that the defendant completed his pretrial diversion program successfully on March 3, 2011 and that the "pending charges against you **will not be prosecuted** and your record will show no conviction on these charges." (Emphasis in original.)

and law enforcement officers expunge and seal any record of the defendant's OWI arrest. After it received the trial court's order, DPS notified the defendant and the clerk of court, via letter, that it could not comply with the order because the defendant's OWI arrest records were ineligible for expungement under La.R.S. 15:578.1.

On May 17, 2011, the defendant filed a motion requesting that the trial court review DPS's refusal to expunge the records. After a hearing, the trial court found that, for defendants who enter pretrial diversion, after an expungement is granted, La.R.S. 15:242 and 15:578.1 permit only the prosecuting attorney to maintain records relating to that defendant's OWI arrest. Accordingly, on July 20, 2011, the trial court ordered DPS to expunge the defendant's OWI arrest records.[2]

DPS now appeals, alleging as error:

> the trial court's granting of an order to expunge the defendant's DWI arrest records following completion of the pretrial diversion program in contravention of the requirement that such a record shall be a public record and maintained for a period of five years and not be subject to expungement or destruction during that period in accordance with La.R.S. 15:578.1.

## Discussion

*Eligibility for Expungement*

DPS's sole assignment of error concerns the interpretation of La.R.S. 15:242 and 15:578.1. However, DPS is appealing a judgment ordering enforcement of a previously issued order. As part of our initial consideration of the underlying order, we first address the defendant's eligibility for expungement at the time the trial court initially granted the motion for expungement. *See* La.Code Civ.P. art. 2164; *Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507.

---

[2] The trial court's July 20, 2011 judgment ordered DPS to "expunge the arrest record of Sam B. Wofford, III as previously ordered by the court and that the order of expungement that was signed on August 25, 2010 be complied with pursuant to LSA-R.S. 15:242 and LSA-R.S. 15:578.1[.]" The trial court stayed its order during the pendency of this appeal.

The expungement of criminal records is provided for in La.R.S. 44:9. Only specified criminal arrest and conviction records may be expunged pursuant to La.R.S. 44:9. *State v. Gerchow*, 09-1055 (La.App. 1 Cir. 3/11/10), 36 So.3d 304. Criminal arrest and conviction records that do not satisfy the requirements of the statute are ineligible for expungement. *Id.* The supreme court, observing the "convoluted nature" of La.R.S 44:9 and its related statutes, has noted "that [o]ur observation that the clarity of these laws, as amended, leaves much to be desired is an understatement." *Expunged Record (No.) 249,044*, 03-1940, p. 6 (La. 7/2/04), 881 So.2d 104, 108 (quoting *State v. Savoie*, 92-1586, 93-1955, p.1 (La. 5/23/94), 637 So.2d 408, 409).

Louisiana Revised Statute 44:9(A) provides for the expungement or destruction of misdemeanor criminal records, stating, in relevant part (emphasis added):

> A. (1) Any person who has been arrested for the violation of a municipal or parish ordinance or for violation of a state statute which is classified as a misdemeanor may make a written motion to the *district, parish, or city court in which the violation was prosecuted or to the district court located in the parish in which he was arrested*, for expungement of the arrest record, *under either of the following conditions:*
>
> *(a) The time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted; or*
>
> *(b) If prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal.*
>
> (2) If the court finds that the mover is entitled to the relief sought as authorized by this Subsection, it shall order all agencies and law enforcement offices having any record of the arrest, whether on microfilm, computer card or tape, or on any other photographic, electronic, or mechanical method of storing data, to destroy any record of arrest, photograph, fingerprint, or any other information of any and all kinds or descriptions. The court shall order such custodians of records to file a sworn affidavit to the effect that the records have been destroyed and that no notations or references have been retained in the agency's central repository which will or might

3

lead to the inference that any record ever was on file with any agency or law enforcement office. The original of this affidavit shall be kept by the court so ordering same and a copy shall be retained by the affiant agency which said copy shall not be a public record and shall not be open for public inspection but rather shall be kept under lock and key and maintained only for internal record keeping purposes to preserve the integrity of said agency's files and shall not be used for any investigative purpose. This Subsection does not apply to arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of alcoholic beverages or narcotic drugs, as denounced by R.S. 14:98 or 98.1.[3]

In the case where prosecution has not been instituted, in order for a defendant's arrest records to be eligible for expungement,[4] the time limitation for the institution of prosecution must have passed. La.R.S. 44:9(A)(1)(a). *See State v. Labauve*, 05-1273 (La.App. 1 Cir. 9/20/06), 943 So.2d 1186, *writ denied*, 06-2525 (La. 12/15/06), 945 So.2d 694; *State v. L.B.*, 95-2116 (La.App. 1 Cir. 5/30/96), 676 So.2d 179.[5] At the time the trial court granted the defendant's motion for expungement, the time period for prosecution had not passed. Similarly, although the defendant asserts in his motion to expunge records that "the City of Lafayette dismissed the charges in this matter on the misdemeanor

---

[3] We note that the final sentence of La.R.S. 44:9(A)(2) was determined to be unconstitutional in *State v. Bradley*, 360 So.2d 858 (La.1978).

[4] The defendant was arrested on June 26, 2009 for a violation of La.R.S. 14:98. According to a letter from the Lafayette City Prosecutor's Office, the charges against the defendant were refused on July 26, 2009. La.R.S. 44:9(A)(1) requires that the defendant petition "the district, parish, or city court in which the violation was prosecuted *or to the district court located in the parish in which he was arrested*" (emphasis added). The clear language of La.R.S. 44:9(A)(1) anticipates that, where prosecution has not been instituted, a defendant will file his or her petition for expungement in the district court. Here, the record is unclear concerning whether prosecution was instituted against the defendant. *See* La.Code Crim.P. art. 382, La.Code Civ.P. art. 934(7). Moreover, according to the record, the underlying order was issued by the City Court of Lafayette, not a district court.

[5] We acknowledge that in *State v. Granger*, 07-2285 (La. 5/21/08), 982 So.2d 779, the basis for the defendant's motion for expungement was that the two-year time limitation for prosecution had passed. As reported by the supreme court, the facts indicate that the time limitation had not passed at the time the defendant filed his motion. However, the facts indicate that prosecution had been instituted by bill of information and that the defendant entered a pretrial diversion program. Further, the opinion does not indicate whether the defendant's prosecution was disposed of by dismissal, sustaining of a motion to quash, or acquittal. Ultimately, in *Granger*, the supreme court found that La.R.S. 15:578.1 was constitutional and dismissed the defendant's motion for expungement. Consequently, we find that *Granger* does not offer significant guidance in this case.

charge[]," the record does not indicate that, if prosecution had been instituted, any charges were "finally disposed of by dismissal, sustaining of a motion to quash, or acquittal." La.R.S. 44:9(A)(1)(b).

In light of the ineligibility of the defendant for the relief granted in the underlying order, we find error in the trial court's granting of the motion to enforce the August 25, 2010, order expunging the defendant's OWI records. Accordingly, we reverse the trial court's July 20, 2011, judgment.

*Applicability of La.R.S. 15:252 and 15:578.1 to DPS*

In its sole assignment of error, DPS asserts that the trial court erred in ordering it to expunge the defendant's OWI arrest records. "It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies." *St. Charles Gaming Co., Inc. v. Riverboat Gaming Comm'n*, 94-2697, p. 7 (La. 1/17/95), 648 So.2d 1310, 1315. As we have reversed the July 20, 2011, judgment of the trial court, any further discussion of DPS's arguments concerning the interpretation of La.R.S. 15:242 and 15:578.1 is moot. Thus, we pretermit discussion of this issue.

**DECREE**

For the foregoing reasons, we reverse and vacate the entirety of the July 20, 2011, judgment. All costs of these proceedings are cast to the defendant, Sam B. Wofford, III.

**REVERSED; JUDGMENT VACATED.**